UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JUAN CARLOS RODRIGUEZ-FRANCISCO, :
          Petitioner, :
           : **ORDER**
v. :
           : 15 CV 8843 (VB)
UNITED STATES OF AMERICA, : 13 CR 233 (VB)
          Respondent. :
--------------------------------------------------------------x

      By letter dated July 29, 2019, petitioner Juan Carlos Rodriguez-Francisco, proceeding pro se, moves pursuant to Fed. R. Civ. P. 60(b) to vacate the Court's Opinion and Order, dated December 1, 2016, which denied petitioner's motion for relief pursuant to 28 U.S.C. § 2255.

      The motion is denied for the reasons set forth below.

      Petitioner claims that the government did not address and the Court failed to adjudicate one of the claims raised in his 2255 petition—namely, that but for his attorney's incorrect advice that the mere presence of firearms in petitioner's apartment could be sufficient to convict him of possession of firearms in furtherance of a drug trafficking crime, he would not have pleaded guilty to that count of the indictment.

      Petitioner is wrong. The Court specifically addressed—and rejected—this argument in its December 1 Opinion and Order at pages 10-12. The Court concluded, among other things, that the multiple firearms found in the apartment, two of which were loaded and one of which was an AK-47, along with the drug paraphernalia, thousands of glassine envelopes, $232,000 in United States currency, and a notebook of drug transactions, all also found in the same apartment, constituted sufficient evidence that the recovered firearms provided at least a potential advantage relative to drug trafficking, and thus a sufficient nexus between the charged firearms and the charged drug trafficking operation. Therefore, petitioner's attorney was clearly correct that petitioner could be convicted on the gun count based on the evidence found in his apartment. Because the advice was correct, counsel's performance was not objectively unreasonable or constitutionally ineffective.

      Moreover, the instant motion is untimely. Rule 60(c) requires that a Rule 60(b) motion be made within a reasonable time, and in the case of a motion pursuant to subdivisions (1), (2), or (3) of Rule 60(b), the motion must be made no later than one year after the entry of the judgment or order being attacked. The Opinion and Order here was entered on December 2, 2016, approximately 32 months before petitioner filed the instant motion. Plainly, 32 months is well beyond a "reasonable time" after the entry of the order at issue. Also, all the information in petitioner's motion was available to him in December 2016 when he received notice of the Court's December 1 Opinion and Order, and petitioner has not offered any explanation for the delay.

1

The proof of petitioner's guilt was overwhelming, he was not denied effective assistance of counsel, his 2255 petition was properly denied, and his Rule 60(b) motion is both untimely and without merit.

Petitioner's motion pursuant to Fed. R. Civ. P. 60(b) is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to mail a copy of this Order to petitioner at the following address:

Juan Carlos Rodriguez-Fernandez
Reg. No. 68295-054
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

Dated: November 12, 2019
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge